UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JENNIFER HENDRICKS, | § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| KATCH KAN USA, LLC, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jennifer Hendricks and brings this action under Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code against Defendant Katch Kan USA, LLC (referred to as "Defendant" or "Katch Kan") for pregnancy discrimination. In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1.      Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), including the Pregnancy Discrimination Act of 1978 ("PDA"), as amended, 42 U.S.C. § 2000e(k) and Chapter 21 of the Texas Labor Code.

2.      The main purpose of both Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code is to prohibit discrimination in employment by employers based upon race, religion, sex or national origin.

3.      The Pregnancy Discrimination Act of 1978 is an amendment to Title VII of the Civil Rights Act of 1964 and is covered under sex discrimination.  In unison, they prohibit employers from discriminating against workers based on pregnancy, childbirth, or related medical conditions.

4.      Katch Kan violated Title VII, the Pregnancy Discrimination Act, and Chapter 21 of the Texas Labor Code by treating her differently and terminating Plaintiff because she was pregnant.

## II.  Jurisdiction & Venue

5.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, because it arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), including the Pregnancy Discrimination Act, as amended, 42 U.S.C. § 2000e(k) for federal question jurisdiction.

6.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the event or events or omissions giving rise to Plaintiff's claims occurred in Midland/Odessa Division of the Western District of Texas.

7.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original

jurisdiction that they form part of the same case or controversy under Article II of the U.S. Constitution.

### III.  Parties

8.     Plaintiff Jennifer Hendricks is an individual who currently resides in Midland County, Texas.

9.     Defendant Katch Kan USA, LLC is a Texas corporation.  Defendant may be served with process by serving its registered agent:

> Doug McCullough
> 1001 McKinney Street, Suite 1400
> Houston, Texas  77002

Alternatively, if the registered agent of Katch Kan USA, LLC cannot with reasonable diligence be found at the company's registered office, Katch Kan USA, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Whenever it is alleged that Katch Kan USA, LLC committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Katch Kan USA, LLC or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

11.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC.

12.     Plaintiff timely filed a charge of discrimination with the Texas Workforce Commission's Civil Rights Division ("TWC").  Plaintiff filed this suit within (60) days of receiving a Notice of Right to Sue from the TWC.

## IV. Facts

13.     Katch Kan is an oilfield services company. It sells products to help capture drilling fluids.

14.     The Midland office is managed by Nicholas Elmore, the Operations Manager.

15.     Mr. Tom Morris is the General Manager and its Global Human Resources Coordinator is Ms. Rona Shannon.

16.     Katch Kan employed Plaintiff Jennifer Hendricks as a Salesman from on or about April 16, 2018 to May 11, 2018.

17.     Shortly after being hired to work for Katch Kan, Plaintiff learned that she was pregnant.

18.     Plaintiff shared this information with a co-worker.

19.     Despite her pregnancy, given that Plaintiff and her spouse had recently separated, she was determined to work hard to provide for her children.

20.     On or about April 29, 2018, in the course and scope of her employment with Katch Kan, Plaintiff travelled to Houston to attend an oilfield expo with a co-worker.

21.     While attending the expo, Plaintiff met Tom Morris, Defendant's General Manager.

22.     On the first day of the expo, Plaintiff spent at least 8 hours standing in   high-heel shoes performing her work duties.

23.     That night, she attended a work dinner event with Mr. Morris and other Katch Kan employees.

24.     At dinner, most if not all of the employees ordered alcohol.

25.     Mr. Morris questioned Plaintiff several times during dinner as to why she did not order alcohol.

26.     Plaintiff politely told Mr. Morris that she was not in the mood for alcohol.

27.     At some point during dinner, while Plaintiff had excused herself to the restroom, Mr. Morris asked the other employees whether Plaintiff was "pregnant".

28.     A co-worker confirmed that Plaintiff as indeed pregnant.

29.     By the following morning, Plaintiff's pregnancy was no secret and Mr. Michael Whitman, Assistant Manager, confirmed that it was acceptable for Plaintiff to wear flats on day two of the expo as opposed to high heel shoes given that she was pregnant. .

30.     On or about May 1, 2018, after working the second day of a four-day expo, Mr. Morris abruptly sent Plaintiff home 2 days early.

31.     Plaintiff was surprised that she was sent home two days early and was not given a specific reason why.

32.     Upon Plaintiff's return to Midland, human resources informed her that Mr. Morris had complained about her pregnancy and that it had been inappropriate for her to wear flats to the expo.

33.     Further, according to human resources, Mr. Morris also demanded confirmation that she would be able to perform her job in spite of her pregnancy.

34.     Plaintiff reassured human resources that she would be able to perform her duties throughout her pregnancy.

35.     Approximately 11 days after learning of her pregnancy, Plaintiff was terminated at the direction of Mr. Morris.

## V.  Count One—
## Pregnancy Discrimination Based Upon Title VII, PDA, and Texas Labor Code

36.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

37.     Plaintiff is an employee within the meaning of Title VII and belong to a class protected under the statute, namely she is/was pregnant.  See 42 U.S.C. §2000e(k); see also Tex. Lab. Code Ann. § 21.106.

38.     Defendant is an employer within the meaning of Title VII.  See 42 U.S.C. §2000e(b).

39.     Chapter 21 of the Texas Labor Code is a comprehensive fair employment practices act, and remedial scheme modeled after Title VII of the federal Civil Rights Act of 1964, which provides the framework for employment discrimination claims in Texas.

40.     Discrimination based on sex includes discrimination because of pregnancy, childbirth, or related medical conditions. Tex. Lab. Code Ann. § 21.106.

41.     Defendant intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy.

42.     Plaintiffs avers that Defendant's unlawful gender discrimination violate the provisions of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, *inter alia*, of compensatory damages against Defendant.

43.     Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination.

44.     Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

45.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant.

46.     Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  These irreparable injuries and monetary

damages are the result of Defendant's discriminatory practices and they will continue unless and until this Court grants relief.

47.     Further, Defendant's conduct was willful and justifies an award of punitive damages.

48.     To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

## VI.  Count Two—
### Hostile Work Environment Based Upon Title VII, PDA, and the Texas Labor Code

49.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

50.     Defendant's conduct was severe and pervasive enough to alter the conditions of Plaintiff's employment.

51.     Within minutes of learning of her pregnancy, Defendant dramatically began treating Plaintiff is a disparate manner and ultimately terminating.

52.     In addition, Plaintiff avers that Defendant's unlawful hostile work environment violate the provisions of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, *inter alia*, of compensatory damages against Defendant.

53.     Such hostile work environment has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination/hostile work environment.

54.     Such hostile work environment was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

55.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant.

56.     Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  These irreparable injuries and monetary damages are the result of Defendant's discriminatory practices/hostile work environment and they will continue unless and until this Court grants relief.

## VIII.   Attorney's Fees & Costs

57.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

58.     Plaintiff is authorized to recover attorney's fees and costs on her claims by statute and under principles of equity.   *See, e.g.*, 42 U.S.C. § 1988.

59.     Plaintiff has retained the professional services of the undersigned attorneys.

60.     Plaintiff has complied with the conditions precedent to recovering attorney's fees and costs.

61.     Plaintiff is entitled to recover her attorney's fees and costs.

62.     Plaintiff has incurred or may incur attorney's fees and costs in bringing this lawsuit.

63.     The attorney's fees and costs incurred or that may be incurred by Plaintiff were or are reasonable and necessary.

## IX.  Conditions Precedent

64.     All conditions precedent have been performed or have occurred.

## X.  Jury Demand

**65.**     Plaintiff demands a trial by jury on all issues triable to a jury.  *See*, Fed. R. Civ. P. 38.

## XII.  Prayer

66.     Plaintiff respectfully requests that the Court enter a judgment in her favor that

provides the following relief:

a.  judgment against Defendant for lost wages and benefits, both back pay and front pay resulting from the discriminatory actions of Defendant;

b.  compensatory damages for severe mental anguish in the past and future, injury to their reputation, for adverse effects on their career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;

c.  or punitive damages in the amount found by the trier of fact to punish and deter continuation Defendant's unlawful employment practices;

d.  an award of reasonable and necessary attorney's fees as specifically authorized by, among other things, 42 U.S.C. § 1988;

e.  prejudgment interest as provided by law;

f.  post judgment interest as provided by law; and

g.  Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Rochelle Owens
State Bar No. 24048704
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**